I apologize your honors I need a second to get you're you're fine we have we haven't settled the courtroom yet so take your time sorry mr. Wooten I was in the seventh circuit two weeks ago they had these big long tables I had mine covered up I'll borrow whatever time they had extra if you don't mind I'm kidding your honor it doesn't work that way an attempted that's my time yes yes sir good morning your honor Nick Wooten I represent the Alabama creditors and members of the panel and my colleagues this case is a unique experience for me 26 years of practice we had a judgment in an Alabama circuit court over an exemption contest it went to a final judgment the rights and equities of the parties were settled final judgment was entered time to appeal passed yeah but that's not a personal judgment against Morgan Stanley it's an off it's an order that authorizes Morgan Stanley to transfer funds in an IRA account to the exemption under state law it doesn't decide the question that was necessarily decided by judge bankruptcy judge Callaway about the Florida exemption in the context of a bankruptcy filing that occurred afterward what am I missing I disagree completely your honor there was a choice made by mr. Doran who is also a court of Alabama and Alabama exemption there was no determination of the Florida exemption decided here if you will look at the form in the appendix that he chose to use it was the Florida form it mentioned several forms of exemption that do not exist in Alabama that only exist in Florida he testified in his deposition that he was raising exemptions under Florida law and under Alabama rules of civil procedure as you know your honor Alabama rule of civil procedure 44.1 says that you may prove an issue of foreign law just as any other fact and you have the right to raise any issue of foreign law in a contest that you initiate in the state of Alabama and so just like in any other litigation the defendant the plaintiff dr. Doran was if you take a line when the parties as a cause of action he would be the plaintiff in that contest is exemption just like in bankruptcy court was presumed valid in Alabama unless a contest occurs and you and you overcome the exemption the problem is these funds never got transferred out of that account when the bankruptcy petition was filed and and and so long as that doesn't happen and there's any any legal or equitable interest on the part of the debtor in the end the property then it's property of the estate is the way I understand well your honor bankruptcy code again I apologize for disagreeing but again the way that process normally works is and is that the estate rights determine on the date of filing and you have to apply whatever issue preclusion or claim preclusion issues have already occurred to reach that decision and so the proper application here is what rights did dr. Doran have in those funds on the day that he filed bankruptcy and the answer is that he had no rights in those funds that those rights were adjudicated and terminated and and if the Alabama trial court were wrong the only reason my Morgan Stanley would be authorized to transfer these funds to the Alabama court was if they were owned by Durant right that that is correct your honor a creditor's bill and access an equitable law if they haven't left the custody of Morgan Stanley they continue to be owned by Durant isn't that right I think you confuse the issue on that point your honor once money is deposited with the bank the rule has been and the parties both agree that that essentially becomes an IOU from the bank to the depositor a debtor creditor relationship exists it is not as if there is a separate right it is an IOU on order payment and so that has always been the law in Alabama the difference between a garnishment and it's also the law in Florida and it's also recognized by the Supreme Court in the Strump case where the issue set off went up out of the Fourth Circuit Citizens Bank versus Trump and it has always been the law that the difference between a creditor's bill and a garnishment is interim because the bank account is located within the state of Alabama so interim jurisdiction is possible and a creditor's bill based on Dr. Durant's assertion that his accounts were not based in Alabama the trial judge in Tallapoosa County ordered a creditor's bill to Morgan Stanley in an amount equal to the amount of money that they indicated they held for the benefit of Dr. Durant. I think the issue on collateral estoppel is this and the bankruptcy judge cited the case the Austell case but he cited about ten pages past the analysis of the cause of action and the cause of action is simply this what was litigated in Alabama and what was litigated was a federal right to an IRA exemption that is identical under Alabama and Florida law and that was the question that the parties decided and that was a question the circuit court of Tallapoosa ended their judgment on and Dr. Durant made emergency and mandamus appeals to the Supreme Court of Alabama which were all turned away before he filed bankruptcy and so in essence what we have is this once-in-a-career situation where we've relitigated the very same issue that was decided in state court in bankruptcy court and I have litigated this exact issue before and it is never been litigated twice this is the only time that's ever occurred so it was a shock to me and I don't think it complies with law. Where in the amended judgment on the creditor's bill does it adjudicate Durant's property rights in the IRA? In fact in the amended judgment it says in the second paragraph it refers to amounts owned by Rodney Durant individually or the trust and that's in the judgment. Yes your honor if you look at page 413 of the appendix there was a series of filings the first one was docket number 450 in circuit court of Tallapoosa it says the matters before the court are a claim of by Rodney Durant who's a judgment debtor. Claim was relative to garnishments filed by the plaintiffs. Plaintiffs filed a proper contest making both procedural and substantive challenges. After consideration of all pleadings exhibit submissions and oral argument claim exemption filed by the defendants denied. Then in the amended judgment which is at 420 and 421 the second paragraph says the judgment amount represents monies Morgan Stanley Smith Barney has been holding an accounts owned by either Rodney Durant individually or Rodney D and Barbara H Durant Living Trust including an account designated as an individual retirement account by Rodney Durant. Morgan Stanley Smith Barney is authorized to set off this payment from any funds its possession and held for the benefit of either Rodney Durant individually or the Rodney D and Barbara H Durant Living Trust. This specifically includes right of Morgan Stanley to set off funds held in an account designated as an individual retirement account. Rodney Durant's claim of exemption as to retirement funds was denied by the circuit document 450. Upon remittance of these funds the circuit clerk the judgment against Morgan Stanley will be satisfied. I don't see where that adjudicates all of his property interest in the IRA. I don't see that language. Alabama Supreme Court has referred to a creditor's bill as imposing a lien on the equitable assets of the debtor. A lien is different from denying an ownership interest altogether. Well actually the creditor's bill rights begin at code 66180 of the Alabama Code and run through 66187 or 88 and there are several rights set out there. One of those is the lien that you mentioned on funds in the hands of a third person but the problem with that is if you go back to the statutory section that talks about the lien what it says your honor under the creditor's bill is that you're you're using a creditor's bill because you don't have anything within the state of Alabama to lien. This is an equitable attachment where you're ordering the person holding property to turn over funds so the judgment is against that person up to the amount of money they hold for the third party. It is not it's not a lien because you can't lien on property if you need a creditor's bill. That means that the creditor the property is not subject to lien in Alabama. So you could either domesticate a judgment in another state and go that route or you could in effect go to the third party that you can't obtain personal jurisdiction over which is what we did here and you can order the third party to pay that amount. If the creditor's bill terminated all of Duran's rights in the IRA then Morgan Stanley would no longer owe him a debt and it seems to me that's inconsistent with your setoff argument. Not at all your honor. The judgment established the right to set off. A garnishment is not in a situation where a bank is required to pay third person's debt and a creditor's bill is an equitable garnishment. So what the judgment language did was put Morgan Stanley in the exact place it would be if it were garnished. It gave it express rights to take this payment it was ordered from Morgan Stanley and set it off against monies that Morgan Stanley held so that it was paying over an amount equal to what it held for Dr. Durant. The reason for that was to keep it from being in a situation where Morgan Stanley was paying the debt rather than Dr. Durant. Okay. Mr. Wooten, you were answering Judge Joe Pryor's question and you've saved five minutes for rebuttal. Let's hear from Mr. Mendez quickly. Good morning, your honor. May it please the court, Louis Mendez on behalf of Amicus Curiae. It seems to me the only thing you're really concerned about is what we would say about the judgment that involved Morgan Stanley. It seemed to me pretty clear that the Supreme Court of Alabama has said that when you have a creditor's bill that's been brought to reach a debtor's assets in the hands of a third person, the general rule is that a personal judgment cannot be rendered against that person. Yes, your honor. To borrow a term from prior argument, I think you abrogated a lot of my argument with your question to Mr. Wooten. Just two quick things I wanted to correct from Mr. Wooten's argument. He argued that a creditor's bill, a garnishment is an in rem proceeding while a creditor's bill is an in personam proceeding. That's the exact opposite. A creditor's bill is an in rem proceeding for that reason it can only reach property. And as to the argument that Morgan Stanley was placed in the exact same place by the creditor's bill as it would have been with a garnishment where it had to pay over a debt to the Alabama creditors and then could offset that, set off that debt against assets of Dr. Durant, that flies in the face of the Alabama creditor's statute and the wires case that your honor has cited or has spoken to. Well, I was quoting from it. A garnishment under the garnishment statutes, it could in fact result in a personal judgment against the third party. That is exactly opposite of what can happen under the creditor's bill. I don't have much more to say, but I would Thank you. Thank you. Mr. Powell. May it please the court, Robert Powell for the Appley, Rodney Durant. As a quick housekeeping matter, I noticed the clock started on the Appley's time during amicus, so I believe I get, I see, okay. Just just so long as the clock reflects 15 minutes starting now instead of, I think, 13 and a half or so. Hold on one moment. I'm not sure you're gonna need it all. Based on the court's questions or during the opening, I think that's probably accurate. May it please the court, Robert Powell again for the Appley, Rodney Durant. This court should affirm the IRA is exempt under Florida law. The first issue is whether the the IRA is property of the bankruptcy estate. Section 541 of the Bankruptcy Code provides that the filing of a Chapter 7 petition creates an estate consisting of all legal and equitable interests of the debtor and property wherever located and by whom ever held. This court acknowledged in 1990 in the Holywell Corp decision that the scope of bankruptcy estate property is very broad. It captures every conceivable interest of the debtor and property and as the court recognized in the Bracewell decision in 2006, the operative date to determine the scope of estate property is the bankruptcy petition date, April 1st, 2021 in this case. It is undisputed that on that date, Rodney Durant owned an IRA at Morgan Stanley that contained over $800,000 of cash. To Judge Pryor's question, the amended judgment against Morgan Stanley did not divest Dr. Durant of his property interest in the IRA. The creditor's bill statute doesn't support that result. None of the case law that the appellant has referenced supports that result, nor does the plain language of the judgment purport to transfer Dr. Durant's interest to Morgan Stanley or to the Alabama creditors. We've cited a couple of bankruptcy decisions. One is N. Ray Quaid from the Northern District of Illinois in 2013 and N. Ray Allen from the Middle District Bankruptcy Court in 2006, both of which address pre-bankruptcy petition orders directing turnover of funds held in an IRA where the funds have not left the account by the time the bankruptcy is filed. Both of those courts correctly reject the argument that the debtor is divested of the property interest in the IRA by virtue of those orders. You have to effectuate them. Chief Judge Pryor, you hit the nail on the head. You have to remit the funds in order to divest the debtor of his property interest, and that did not occur in this case. You're conceding that if the transfer had occurred to the custody of the clerk of the Alabama court that the debtor would no longer hold any interest in that property? I believe the analysis in bankruptcy court would be much different, and you'd be looking at preference type avoidance claims rather than a property of the estate type issue. Yes, I think that I would have to concede that had the funds been remitted. So the case would be over at that point, you would lose? I think that's right, and that's the... The whole case turns on timing. Yes, sir. In Enray-Gunthorpe is a Southern District of Bankruptcy case from 2011, and Enray-Morona, Northern District of Alabama bankruptcy case from 1985, both of which the Alabama creditors rely upon. However, the distinction, the key distinction in those cases is the funds had been turned over. The funds had been remitted, and that's not what we have in this case. Moving now to the issue of set-off. As the courts aware, Section 553 of the Bankruptcy Code preserves the right of a creditor and debtor to offset mutual indebtedness, but that's the key element, and Bankruptcy Judge Callaway did not clearly err when he concluded, well, because Dr. Durand owes no debt to Morgan Stanley, you lack the section. The Alabama creditors, I think, are trying to get into this idea of a triangular set-off, where Dr. Durand owes the Alabama creditors under their judgment, and now we've got a judgment against Morgan Stanley, and Morgan Stanley owes Dr. Durand the funds in the IRA, but bankruptcy courts have consistently rejected the idea of a triangular set-off, and that's the Enray- Simcrude case from the Bankruptcy Court of the District of Delaware, I believe, the centerpiece of the Alabama creditors' position is this idea of preclusion. I want to first address something that came up in the initial presentation, a reference to claim preclusion, or res judicata, as it's sometimes referred to. If there were a preclusion issue here, it would seem to have to be issue preclusion. That's correct, Your Honor, and indeed, the Alabama creditors don't argue claim preclusion in their initial brief. It's just collateral estoppel and issue preclusion, but before reaching that, Rooker-Feldman also got some airtime in the initial brief, and I think that's, I agree, Chief Judge Pryor, that that argument is meritless, as the court acknowledged in Baer v. Campbell a few years ago, taking its case... Rooker-Feldman almost never applies. The Supreme Court has been telling this, that, for a while. That's correct, and Baer v. Campbell underscores that, and this is a case about the effect of an Alabama court order, not a request to review the merits of that. Exactly, and there's several helpful quotes from Baer v. Campbell, that Rooker-Feldman doesn't block the consideration of a claim that requires summary consideration of a prior state court ruling, as long as there's an independent claim. The independent claim here is Florida law. That's the underpinning of Dr. Duran's exemption in bankruptcy court, because he's a Florida resident, and Florida is an opt-out state that, pursuant to section 222.20 Florida statutes, a Florida bankrupt debtor cannot claim federal exemptions under, I believe it's 522 D of the Bankruptcy Code. You're limited to the exemptions that are available under Florida law. What do you say about his argument, though, that this exemption issue was decided by the Alabama court? Yes, sir. I disagree, and you have to unpack what was argued and what transpired in Alabama State Court. First, the objection that the Alabama creditors filed was a shotgun-style objection that raised a myriad of non-Florida law grounds, Alabama procedural and substantive grounds, and also internal revenue code provisions to defeat Dr. Duran. The first argument was that Dr. Duran failed to accompany his exemption claim with a property inventory, as required by Alabama Rule of Civil Procedure 64B. And his second argument was, well, Dr. Duran's engaged in prohibited transactions under Title 26 USC section 408, which limits the amount of contributions that you can make to an IRA, which, as a side note, was debunked by the Morgan Stanley corporate representative deposition testimony, who said that those were permissible rollover transactions. So they've wisely abandoned that argument on appeal, but back to what they argued in state court, Alabama procedural and substantive objections, and then internal revenue code. Do we know what the basis was for the Alabama ruling? Judge Marcus, we don't, because... Is that a problem here? It's a huge problem, because the final element of... That is to say, we don't know whether it was a procedural basis or a substantive basis? That's correct. Would there be a difference, depending on whether they went off on one rather than the other, in terms of how it would spill over into this case? Only to the extent the Alabama court applied Florida exemption law, which it didn't. Mr. Wooten read the four-sentence order, which is page 413 of the appendix, from the Alabama judge, that does not articulate the basis of his ruling. The court acknowledges there were procedural and substantive objections, and just states, having reviewed the exhibits, pleadings, heard argument from counsel, etc., I find that the exemption is denied. It doesn't explain the basis of his ruling, so it lacks preclusive effect for that reason alone. This court acknowledged that in N. Ray Harris in 2021. Whenever you have a... And also, I think it was echoing the court's prior decision in N. Ray St. Laurent, which was a 1990 decision. So this court's consistently adhered to the notion, in the preclusion context, that if a prior judgment has two alternative, yet independent, grounds that could be equally sufficient to sustain the ruling, and there's no explanation for the ruling, it lacks preclusive effect, because we don't know why the the issue was decided the way that it was. And that's the case, that's what we have here. It's somewhat of a cautionary tale to the would-be shotgun pleader, when you get a general ruling like this that doesn't specify the basis. So really, what matters is that the resolution of the issue was not a necessary part of the judgment, because it could have relied on the procedural ground, as opposed to the the issue not being identical in the two actions. Yes, Your Honor, that's correct. So that's the easiest way to resolve the question of issue preclusion, isn't it? We simply do not know. Yes, Your Honor. And without knowing, you could hardly say they litigated and resolved the same issue. That's correct. I would submit that's the fourth element of issue preclusion that would be the easiest way to deny the preclusive effect of the Alabama State Court order, but we would also contend that the second and third elements to apply issue preclusion have not been met either. The second element is that the issues are identical. The issues were not identical. In bankruptcy court, a bankrupt debtor's exemption is governed by Section 522 of the Bankruptcy Code. The objectors proceeded under Federal Rule of Bankruptcy Procedure 4003, and ultimately for a Florida resident, those exemptions are governed by Florida law. There were only three references in the Alabama State and the entire Alabama State Court proceeding to any authority that emanates from the Florida court system. First two are, I think it's Board of Trustees of Internal Improvement Trust Fund versus Charlie Topina and Sons. It's a Fifth Circuit 1975 case, and also Cash in Dade Incorporated versus Metropolitan Dade County, a 1991 case from this court, both of which the Alabama creditors cite for the somewhat unremarkable proposition that a court can judicially notice its own court file. Those cases were cited in support of their argument that Dr. Pascay should accompany his exemption claim with a property inventory. So his exemptions should be denied. Yeah, but that's an Alabama law argument. Yes, Your Honor. And the third case that was cited is N. Ray Hughes. It's a Middle District bankruptcy case from 2003. Judge Pascay was addressing an exemption of an IRA where the Chapter 7 debtor had made loans from his IRA to his closely held corporation. Judge Pascay was grappling with 26 U.S.C. sections 408 and 4975 that address the prohibited transactions that have the potential to forfeit the exempt status of an IRA. No Florida exemption. This is a federal law. Yes, sir. And that's the linchpin of the case. Section 222.21, subparagraph 2, Florida statutes, is the basis of Dr. Duran's exemption in his bankruptcy proceeding. There is no reference to that statute anywhere in the Alabama State Court proceeding. As a result, it's not entitled any bankruptcy court was also deciding something at a materially different point in time. It was deciding the status of this property at the time of the filing of the bankruptcy petition, which could not have been decided by the Alabama State Court. That's correct, Your Honor. That's another critical distinction just on the substantive timing piece. I believe it's this court's decision in N. Ray Yerian, which bankruptcy judge Callaway cited for the notion that an exemption is determined as of the petition date. Again, April 1st, 2021, which is a different date than in the Alabama proceeding. Now, in response to that, I'll anticipate what the rebuttal argument is going to be. You're never going to have a situation in which you have preclusive effect of an exemption order in bankruptcy court. Not the case. If you had a Florida court adjudicating the exempt status of Dr. Durand's IRA, we would have to concede that that would be entitled to preclusive effect in bankruptcy court. I think this is important to note for the arguments that he's raising with respect to that you'll never have preclusive effect for an exemption. They're talking about dischargeability objections. That's Code Section 523, where you have, for litigation that involves fraud and alleges that a debtor committed fraud. There's N. Ray Bilzerian. There's N. Ray St. Laurent. N. Ray Harris was a case involving the preclusive effect of a prior state court litigation involving fraud in the context of a later dischargeability proceeding in bankruptcy court under Section 523. Those are distinguishable. That's a different type of law. And again, it had a Florida court adjudicated Dr. Durand's IRA under Florida law. And that exemption had met all the other required elements of issue preclusion. Then I think we would have to concede that that would carry over and bind the bankruptcy court. Although, to Chief Judge Pryor's point, the timing is different. It would be a much closer case in that setting. As I see that my time is concluding, in sum this court should affirm the bankruptcy . . . Lawyers know how to be long-winded. We appreciate your argument, Mr. Powell. I don't hear any other questions. Thank you. Thank you very much for your time. Mr. Wooten, you still have five minutes. Well, since I'm not good at forfeiting, I'll take them. Let me begin with this. Let me ask you a question, counsel. Let me ask you a question at the outset. One of the difficulties here is it's unclear, is it not, which law the Alabama court applied? It's not unclear, and here's why. That is to say, do we know whether the Alabama court went off on procedural grounds, for example, as opposed to substantive grounds? And if we don't know, how could we find preclusion? It's easy, Judge Marcus. Judge Pryor is familiar with this from his previous career as the Attorney General of the State of Alabama. We have trial courts that are very busy and they don't write detailed orders. The appellate courts in Alabama have long held throughout the history of our court system that whatever the ruling is, the appellate courts presume the facts necessary to resolve procedural and substantive issues. The substantive issue of whether this IRA was exempt or not was litigated, and it was litigated on the same grounds it'd be litigated in in federal court, which is federal rules about what you can and cannot do with an IRA. Now, what I was about to say was the problem that I have is that we spend a lot of time criticizing what happened in Alabama when the full faith and merits of the cause of action, the logic or consistency of the decision, or the validity of legal principles on which the judgment is based is precluded. I don't see how that's what's going on here. This is a decision by the bankruptcy court about the effect of the judgment. I don't agree, Your Honor. How can it be? There are two judgments. One says in Alabama the IRA is not exempt. There's a judgment beginning at page, in document 230, begins at page 1278 from Judge Callaway that says the IRA is exempt. How can there be two judgments that say the exact opposite thing? Well, there's lots of reasons. Number one, it's not at all clear to me that the exemption issue was . . . the exemption ruling was based on procedural defects versus the substance of the argument. Number two, the exemption that appears to have been litigated in Alabama was about Alabama law. I don't see where the Florida exemption that Judge Callaway ruled upon was litigated. We're talking about an exemption status at materially different points in time. I mean, there are multiple differences here. Right. The key being this. If you were not in bankruptcy court, if you just showed up in any old state court anywhere else and said, there's a judgment over here in Alabama that says you have to pay this IRA over to these people, you would have to go through the Alabama appellate process to challenge that and seek a different outcome. You couldn't go to Florida and file a case in Walton County and ask a judge in Florida to give you a different outcome. That's what happened here. I know the bankruptcy code is a very powerful instrument. You're right, Your Honor. I litigate in bankruptcy court probably more than any lawyer in the Fifth Circuit. I litigate in bankruptcy court all over the country and I have for twenty-five years. I have multiple decisions from bankruptcy litigation in this court. Judge Pryor, been on one of my panels about ten years ago in the McLean case, where Judge Carr substantially changed what was required in discharge injunction litigation. Now, Judge Huffaker was my opposing colleague. My point is that I am very familiar with how the bankruptcy code interplays litigation. What happened in this case cannot happen because what was supposed to happen was the bankruptcy judge had to take into account the impact of a judgment that decided that Mr. Duran's IRA account was not exempt. The exemption issue on that point was federal. It was federal in state in Alabama and it was federal in Florida. What happened in that case, if you want to talk about what we proved in Alabama, was Dr. Duran admitted that he had transferred ownership of the IRA to his trust as a litigation avoidance tool and that he acted for thirty years as if that was the case. Every distribution from that IRA went to his trust account. He said, up until the point that literally I raised pleadings in Alabama saying that made his account not exempt. He said from the day he started until that day, he had said that his trust on the account, he had acted that way and everything he had done has been if the trust had owned that account. He disqualified himself by his own testimony. Now, the great thing about getting second chances is you get to fix your problems. When we went to Pensacola, guess what? He didn't say those things. Now he had a different story. The problem is that we're second guessing Judge Martin's ruling based on evidence and arguments and law in Florida and we're only doing it on half a context, which is completely forbid. That's my problem. If I may, one last issue. Mr. Powell acknowledged if the only thing left was payment to transfer his client's interest in the property, then I win. You as well as anyone knows that Alabama law is clear that if the only thing left is execution, that the judgment is final, binding and settles all things as between those parties. The issue is not one of Alabama law. The issue is one of federal bankruptcy law as to whether all the debtor's interest in the property had been extinguished when those funds haven't been transferred yet. This court has consistently held in the context of consumers trying to set aside foreclosure judgments that because the foreclosure judgment occurred prior to bankruptcy, their rights in the property was cut off beforehand. This is no different than that, except he's getting treated differently because it's an IRA. I don't know. I think we understand your argument, Mr. Wooten, and we appreciate it. We're going to move now to the next case. Thank you.